IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA WOODS | ) |
| | ) |
| v. | ) NO. 3:09-0839 |
| | ) JUDGE CAMPBELL |
| CHARLES MICHAEL WOLOSKO, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court is a Motion of Defendant Myers International Midways, Inc. ("Myers") to Dismiss (Docket No. 20). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.

FACTS

Plaintiff has sued Defendant Myers and others for the alleged wrongful death of Maurice Woods in a motor vehicle collision. Jurisdiction in this Court is based upon complete diversity of citizenship of the parties. Defendant Myers has moved to dismiss the action against it for failure to state a claim and lack of personal jurisdiction.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

PERSONAL JURISDICTION

The Plaintiff has the burden of establishing this Court's personal jurisdiction over Defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). If the Court determines the issue solely on the basis of written materials, the Plaintiff is required only to make a *prima facie*

showing of jurisdiction. *Id*. Plaintiff can meet that burden by establishing with reasonable particularity sufficient contacts between Defendant and Tennessee to support jurisdiction. Id.

Under these circumstances, the Court must construe the facts in the light most favorable to the Plaintiff and not consider facts proffered by the Defendant that conflict with those offered by the Plaintiff. <u>Id</u>. A valid assertion of personal jurisdiction must satisfy both the state long-arm statute and constitutional due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., LTD*, 91 F.3d 790, 793 (6th Cir. 1996).

The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause where that jurisdiction stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 104 S.Ct. 1482, 1486 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Personal jurisdiction may be general or specific depending on the nature of the contacts in a particular case. *Compuserve Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Specific jurisdiction, on the other hand, subjects the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum. <u>Id.</u>

In this case, Plaintiff alleges that the cause of action arises out of Defendant's contacts with this State. Although Defendant Myers has denied any connection with the cause of action herein, it has admitted that it puts on approximately fourteen week-long fairs each year in Tennessee. Docket No. 22, ¶ 18.

The Court finds that, for purposes of this Motion, Plaintiff has alleged, and Defendant has admitted, sufficient contacts with the State of Tennessee for the Court to exercise personal jurisdiction over Defendant Myers.

## FAILURE TO STATE A CLAIM

Defendant Myers asserts that this lawsuit fails to state a claim against it because certain alleged facts in the Complaint are not true. Defendant Myers supports this assertion with the Affidavit of Gloria Myers.

As noted above, for purposes of a motion to dismiss, the Court must accept all factual allegations of the Complaint as true and may not consider matters outside the pleadings. Under this standard, the Court cannot find that Plaintiff's Complaint fails to state a claim against Defendant Myers.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss is DENIED without prejudice to its being refiled as a Motion for Summary Judgment under Fed. R. Civ. P. 56 when appropriate.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE