IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAURICE WOODS | ) |
| | ) |
| v. | ) NO. 3:09-0839 |
| | ) JUDGE CAMPBELL |
| CHARLES MICHAEL WOLOSKO, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 103) and Defendant Myers International Midway, Inc.'s Motion for Summary Judgment (Docket No. 106), For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

FACTS[1]

Defendant David Starkey d/b/a/ Starkey Enterprises ("Starkey") is in the business of supplying carnival concessions and games at carnival events. Docket No. 111, ¶ 11. Defendant Myers International Midway, Inc. ("Myers") is in the business of producing and operating carnivals and county fairs. *Id*., ¶ 15.[2]

This action arises from a motor-vehicle collision on July 26, 2009, which resulted in the death of Plaintiff's wife, Teresa Woods. The vehicle which struck Teresa Woods' car in this

---

[1] The Court notes that Defendant Myers' Response to Plaintiff's Statement of Material Facts (Docket No. 113) contains no cites to the record, in direct violation of Fed. R. Civ. P. 56(c)(1) and Local Rule 56.01(c).

[2] Defendants Wolosko and Starkey are no longer Defendants in this action, having been dismissed by Stipulation and Order of Dismissal with Prejudice (Docket No. 77).

collision was a Ford F-350 truck pulling a trailer, owned by Defendant Starkey and driven by Defendant Wolosko. At the time of the collision, Defendant Wolosko was working for Defendant Starkey. Plaintiff alleges that Starkey was engaged in a partnership or joint venture with Defendant Myers. Plaintiff contends that Defendant Wolosko's negligence caused the collision and Mrs. Woods' resulting death and that Myers, as a partner or joint venturer with Starkey, is responsible for Mrs. Woods' death. Docket No. 101 (Amended Complaint).

Plaintiff seeks partial summary judgment and Defendant Myers seeks summary judgment on the issue of whether Myers was engaged in a partnership or joint venture with Starkey at the time of this collision. Defendant Myers also raises the issue of whether Plaintiff's settlement and release of Wolosko and Starkey extinguishes Plaintiff's claim against Myers.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere

2

existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## PARTNERSHIP

Under Tennessee law, a "partnership" is an association of two or more persons to carry on as co-owners of a business or other undertaking for profit. Tenn. Code Ann. § 61-1-101(7). Because there is no written partnership agreement in this case, Plaintiff bears the burden of proving the existence of a partnership. *Cofer v. Harris*, 2012 WL 112581 at * 4 (Tenn. Ct. App. Jan. 12, 2012) *(citing Tidwell v. Walden*, 330 S.W.2d 317, 319 (Tenn. 1959)). No one fact or circumstance may be pointed to as a conclusive test, but each case must be decided upon consideration of all the relevant facts, actions and conduct of the parties. *Via v. Gehlert*, 347 S.W.3d 224, 229 (Tenn. Ct. App. 2010).

Starkey Enterprises, Inc. is not and has never been a Defendant in this action.[3] Docket No. 101. David Starkey d/b/a/ Starkey Enterprises was a Defendant herein. *Id*. References herein to "Starkey" are to Defendant David Starkey d/b/a/ Starkey Enterprises.

The following facts are undisputed.[4] Defendant Wolosko was working for Starkey at the time of this collision. Docket No. 111, ¶¶6 and 28. Defendant Wolosko's hours, work duties, and specific routes of travel were assigned to him by Starkey. Docket No. 109-4, ¶¶ 17-18. The truck

---

[3] Accordingly, Plaintiff's assertions that Starkey Enterprises, Inc. did not exist at the time of this collision are irrelevant to the issues herein.

[4] A number of Plaintiff's disputes with Defendant's Statements are taken out of context and/or are insufficient to create a dispute. *See*, *e.g.,* Docket No. 111, ¶¶ 10, 16-18, 22, 25-26, 32.

3

and trailer involved in this collision were owned by Starkey. Docket No. 111, ¶¶ 6-7 and 22. Starkey paid for the fuel and the insurance on the subject vehicle. *Id.*, ¶ 8 and Docket No. 109-4, ¶ 16. The signage on the vehicle said Starkey Enterprises. Docket No. 111, ¶ 8. The truck and trailer contained only property owned by Starkey. *Id.*, ¶ 9.

David Starkey and his wife own an undivided 100% interest in Starkey Enterprises, and no other person or legal entity has any interest in Starkey Enterprises. Docket No. 111, ¶ 12. Starkey owns and operates a series of carnival games on carnival midways throughout the Southeastern United States and independently owns and operates a series of trucks to transport and store games, prizes and other items required to conduct its business. *Id.*, ¶¶ 13-14. Starkey does not store its equipment with Myers property and maintains separate bank accounts from Myers. *Id.*, ¶ 19. All employees of Starkey were interviewed and hired by Starkey. *Id.*, ¶ 21.

Fifteen to twenty independent concessionaires set up booths at the carnivals run by Myers. Docket No. 111, ¶ 34; Docket No. 109-3, p. 2. Starkey and all other concessionaires paid rent for the space they used during the carnival. *Id.*; Docket No. 111, ¶ 20. Starkey paid its rent from its own operating and business accounts. *Id.* Starkey does not exclusively operate its games at carnivals produced and operated by Myers. *Id.*, ¶ 16. Starkey also operates its games concession business at other events which do not involve Myers. *Id.*, ¶ 12.

David Starkey testified that Myers and Starkey never shared employees and that Starkey's employees were paid by Starkey and received no compensation from Myers. Docket No. 109-4, ¶¶ 19-20. Moreover, Mr. Starkey testified that Starkey's employees are managed and supervised by Starkey and do not answer to or bear responsibility for employees of Myers. *Id.*, ¶ 21.

4

David Starkey is on the Board of Directors of Myers and has a stock ownership interest therein. Docket No. 109-4, ¶¶ 26-27. David Starkey is also an employee of Myers and acts as the General Manager for some of the carnivals produced and operated by Myers. *Id*., ¶ 29. His job duties as General Manager include day-to-day management and do not involve oversight, instruction or management of any Starkey employee. *Id*., ¶¶ 30-31. David Starkey testified that his stock ownership interest and employment with Myers have no affect on and are wholly unrelated to the business operations and his ownership in Starkey. *Id*., ¶¶ 34-35.

As noted above, there is no written partnership agreement in this case. A partnership may be implied from the circumstances when it appears that the individuals involved have entered into a business relationship for profit, combining their property, labor, skill, experience or money. *Bass v. Bass,* 814 S.W.2d 38, 41 (Tenn. 1991). If the parties' business brings them within the scope of a joint business undertaking for mutual profit - that is to say if they place their money, assets, labor, or skill in commerce with the understanding that profits will be shared between them - the result is a partnership whether or not the parties understood that it would be so. *Id*.

The Court finds that Plaintiff has failed to show that a partnership existed between Starkey and Myers in this case. Plaintiff has not shown that Starkey shared its profits from its concession and game business with Myers or that Myers shared its profits from the carnival business with Starkey. Starkey paid rent for space at the carnival just like every other concessionaire. Plaintiff has not shown that Myers and Starkey pooled their money, assets, labor or skill in commerce for mutual profit. For example, there has been no proof of partnership tax filings or joint bank accounts and no proof that either Starkey or Myers took depreciation of the equipment or property of the other. The employees of Starkey never answered to or were paid by the employees of Myers.

5

Starkey paid for its leased concessions space just like any other concessionaire. Starkey operates its business at places and events not produced or operated by Myers. The Court finds that Defendant has not shown the existence of a partnership between Starkey and Myers under these circumstances.

JOINT VENTURE

The elements that need to be shown to establish a joint venture among several parties are a common purpose, some manner of agreement among them, and an equal right on the part of each to control the venture as a whole and any relevant instrumentality. *Cecil v. Hardin*, 575 S.W.2d 268, 271 (Tenn. 1978).[5]

> A joint venture is an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill, and knowledge, but without creating a partnership in the legal or technical sense of the term or a corporation, and they agree that there shall be a community of interest among them as to the purpose of the undertaking, and that each coadventurer shall stand in the relation of principal, as well as agent, as to each of the other coadventurers, with an equal right of control of the means employed to carry out the common purposes of the adventure.

*Fain v. O'Connell*, 909 S.W.2d 790, 793 (Tenn. 1995). A joint venture is similar, but not identical to a partnership. *Via*, 347 S.W.3d at 230. Joint ventures are governed by the same rules of law as those governing partnerships. *Id*.

For the reasons stated above, Plaintiff has not shown that Starkey and Myers were carrying out a single business adventure for joint profit by combining their efforts, property, money, skill and

---

[5] The Court notes that *Cecil v. Hardin* was superseded by statute as recognized in *Biscan v. Brown*, 160 S.W.3d 462 (Tenn. 2005).

knowledge. Neither has Plaintiff carried his burden of showing an equal right on the part of each to control the venture as a whole and any relevant instrumentality as to the parties' separate carnival and concessions businesses.

## CONCLUSION

For these reasons, Defendant Myers' Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Partial Summary Judgment is DENIED. The Court need not address Defendant Myers' argument concerning the settlement and release of the other Defendants. This action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE